IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SEAN VALDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-01146-P-BP |
| | § | |
| TOMMIE THOMPSON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the court is Plaintiff's Motion to Dismiss filed on January 1, 2021. ECF No. 12. In the pleading, Plaintiff states that the matter has been resolved and requests that this case be dismissed.

Pursuant to Rule 41(a)(1)(A)(i), Plaintiff is entitled voluntarily dismiss his case without a court order provided that the opposing party has not served an answer or a motion for summary judgment. The right to voluntarily dismiss an action before service of an answer or summary judgment motion is "absolute and unconditional" and may not be "extinguished or circumscribed by adversary or court." *International Driver Training Inc. v. J-BJRD Inc.*, 202 F. App'x 714, 715-16 (5th Cir. Oct. 16, 2006) (quoting 8 James W. Moore et al., Moore's Federal Practice, § 41.33[2], at 41-48 (Matthew Bender 3d ed. 2006) and *Am. Cyanamid Co. v. McGhee*, 317 F. 2d 295, 297 (5th Cir. 1963)). A notice of voluntary dismissal under this rule is "self-executing" and no further action by the Court is required. *Id.*

Review of the record in this case reflects that Defendants have not filed an answer or a motion for summary judgment. Therefore, Plaintiff is entitled to voluntarily dismiss the case without a court order under Rule 41(a)(1)(A)(i). *See Templeton v. Nedlloyd Lines*, 901 F.2d 1273,

1276 (5th Cir. 1990) (the district court did not abuse its discretion granting Plaintiff's motion for voluntary dismissal after the Defendant removed the case to federal court). The undersigned therefore **RECOMMENDS** that United States District Judge Mark T. Pittman direct the Clerk of Court to administratively close this case pursuant to Plaintiff's request for dismissal.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on January 5, 2021.

*Hal R. Ray, Jr.*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE